FILED

UNITED STATES DISTRICT COURT : 34
DISTRICT OF RHODE ISLAND

U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

INTERNATIONAL BUYING
CORPORATION WORLDWIDE, INC.,

           Plaintiff,         :     C.A. No.

v.

FRANKLIN SPORTS, INC.,      :

           Defendant.    :

**CA 13 - 289mL**

## COMPLAINT

Plaintiff, International Buying Corporation Worldwide, Inc. ("IBC"), for its Complaint

against defendant, Franklin Sports, Inc. ("Franklin"), alleges and states as follows:

### NATURE OF THE ACTION

1.    This is an action for design patent infringement and arises under the Patent Laws

of the United States, Title 35 of the United States Code.

### PARTIES

2.    IBC is a Georgia corporation with a place of business located at 360 Spring

Street, Newport, Rhode Island 02840.  Among other things, IBC designs, manufactures and sells

inflatable boxing gloves.  Its products are sold domestically and internationally through several

channels, such as retailers, distributors, internet sales and mail order catalogs.

3.    IBC is the owner, by assignment, of U.S. Design Patent No. D417,035 ("the '035

Patent"), entitled "Inflatable Boxing Glove," that issued on November 23, 1999 to Jeffrey

Stephen Sherwood and Robert J. Howard.  (A true and correct copy of the '035 Patent is attached

hereto as Exhibit A.)

1

4.      On information and belief, Franklin is a Delaware corporation with its principal place of business located at 17 Campanelli Parkway, Stoughton, Massachusetts 02072.  On information and belief, among other things, Franklin manufactures and/or sells inflatable boxing gloves.  Franklin has sold and continues to sell its products, including its inflatable boxing gloves, in Rhode Island and throughout the United States.  It sells these products through several channels, such as retailers, distributors, mail order catalogs and over the internet.

JURISIDCTION AND VENUE

5.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§1331,1332(a), §1338(a) and 2201.

6.      This Court has jurisdiction over Franklin because it has a continuous and systematic affiliation with the State of Rhode Island by virtue of at least its business relationships and product distributions in Rhode Island.  Franklin, directly or through distributors and/or retailers or others, sells and markets its products, including its infringing inflatable boxing gloves, and conducts other business, in Rhode Island.  Additionally, Franklin's conduct has caused harm to IBC in Rhode Island at least because Franklin, directly or through distributors and/or retailers or others, has, among other things, sold and marketed products that infringe IBC's patent in Rhode Island, or it has delivered its products into the stream of commerce with the expectation that they would be purchased by consumers in Rhode Island.

7.      Franklin also maintains a fully interactive web site whereby it markets and sells through the internet its products, including its infringing inflatable boxing gloves, directly to customers located in Rhode Island.

8.      Venue is proper in this district pursuant to 28 U.S.C. §§1391(b), 1391(c) and §1400(b).

## FACTS

9.      IBC has established itself as a creative company producing cutting-edge innovations for consumer products. IBC has protected its innovative designs through patents, such as the '035 Patent.

10.     The design of Franklin's inflatable boxing gloves is substantially the same as the patented design shown in the '035 Patent and the inflatable boxing gloves manufactured by IBC given an objective evaluation by the ordinary observer.  (A true and correct illustration of Franklin's infringing product is attached hereto as Exhibit B.)

11.     The design of Franklin's inflatable boxing gloves as marketed and sold would cause, and has caused, an ordinary observer to be deceived into believing that the design of Franklin's inflatable boxing gloves is the same as IBC's patented design.

12.     The design of Franklin's inflatable boxing gloves as marketed and sold would cause, and has caused, confusion in the marketplace for the ordinary consumer with the patented design of IBC's inflatable boxing gloves.

13.     On information and belief, Franklin is intentionally infringing the '035 Patent by manufacturing, marketing, selling and/or offering for sale the infringing inflatable boxing gloves.

14.     Franklin is conducting its wrongful actions without authorization or license to do so and will continue unless enjoined by the Court.

15.     On information and belief, Franklin had prior knowledge of the '035 Patent, and therefore its conduct is both willful and deliberate.

3

## COUNT I
### (Infringement of U.S. Design Patent No. D417,035)

16.    IBC realleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

17.    Franklin has infringed and continues to infringe, directly and indirectly through contributory and/or induced infringement, one or more claims of the '035 Patent by using, selling and/or offering to sell in the United States and/or importing into the United States, one or more of Franklin's inflatable boxing gloves as identified in this Complaint.  Franklin's infringing activities violate 35 U.S.C. § 271.

18.    IBC is informed and believes, and on that basis alleges, that Franklin's infringement of the '035 Patent has been and continues to be intentional, deliberate and willful, and without regard to IBC's rights.

19.    IBC is informed and believes, and on that basis alleges, that Franklin has gained profits by virtue of its infringement of the '035 Patent.

20.    IBC has sustained damages as a direct and proximate result of Franklin's infringement of the '035 Patent.

21.    IBC will suffer and is suffering irreparable harm from Franklin's infringement of the '035 Patent.

22.    IBC has no adequate remedy at law and is entitled to an injunction against Franklin's continuing infringement of the '035 Patent.  Unless enjoined, Franklin will continue its infringing conduct.

4

## RELIEF REQUESTED

WHEREFORE, Plaintiff IBC prays for relief as follows:

A.     A judgment in IBC's favor and against Franklin;

B.     A judgment that Franklin has infringed, contributorily infringed and/or induced infringement of one or more claims of the '035 Patent;

C.     An order and judgment temporarily, preliminarily and permanently enjoining Franklin and its officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns from further acts of infringement of the '035 Patent;

D.     A judgment awarding IBC all damages adequate to compensate for Franklin's infringement of the '035 Patent, and in no event less than a reasonable royalty for Franklin's acts of infringement, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

E.     A judgment awarding IBC all damages, including treble damages, based on any infringement found to be willful, pursuant to 35 U.S.C. § 284, together with prejudgment interest;

F.     A judgment awarding IBC all of Franklin's profits, pursuant to 35 U.S.C. § 289 together with prejudgment interest;

G.     Actual damages suffered by IBC as a result of Franklin's unlawful conduct, in an amount to be proven at trial, as well as prejudgment interest as authorized by law;

H.     A judgment that this is an exceptional case and an award to IBC of its costs and reasonable attorneys' fees incurred in this action as provided by 35 U.S.C. § 285;

I.     An order and judgment ordering Franklin to:

(1)     cease all sales of the infringing inflatable boxing gloves;

5

(2)      remove the infringing inflatable boxing gloves from the internet, catalogues, retail stores and other channels of trade;

(3)      omit reference to the infringing inflatable boxing gloves and/or the design patented under the '035 Patent on the internet, in future catalogues, in retail stores, in advertisements and all other channels of trade;

(4)      recall from its employees, subsidiaries, dealers, distributors, resellers and customers any and all infringing inflatable boxing gloves and advertising of the infringing inflatable boxing gloves;

(5)      surrender for destruction, or other disposition at the election of IBC, all extrusions, molds, dies, components-in-progress, components, production materials, products, castings, fixtures, prints, computer programs, solid modeling, prototypes, engineering records and all means of manufacture associated with the production of the infringing inflatable boxing gloves; and

J.      Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, IBC hereby demands trial by jury on all issues raised by the Complaint.

6

Respectfully submitted,

INTERNATIONAL BUYING
CORPORATION WORLDWIDE, INC.,

By its Attorneys,

_____
Craig M. Scott, Esq. (# 4237)
Eric E. Renner, Esq. (#7481)
Scott & Bush Ltd.
One Turks Head Place, Fourth Floor
Providence, RI  02903
(401) 865-6035
(401) 865-6039 Fax
cscott@scottbushlaw.com
erenner@scottbushlaw.com

OF COUNSEL:
Mark M. Grossman, Esq.
Lee F. Grossman, Esq.
Tina P. Fowler, Esq.
Grossman Law Offices
225 W. Washington St., #2200
Chicago, IL 60606
(312) 621-9000

Dated: April 30, 2013